IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINALD A. WOODLIN,<br>    Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 26-CV-2993 |
| | : | |
| DEPARTMENT OF THE NAVY, *et al.*, | : | |
|    Defendants. | : | |

**MEMORANDUM**

**BEETLESTONE, C.J.**                                                          **MAY 14  , 2026**

For the second time, Plaintiff Reginald A. Woodlin has filed a civil action in this Court

seeking to correct his Marine Corps service record.  He seeks leave to proceed *in forma pauperis*.

For the following reasons, the Court will grant Woodlin leave to proceed *in forma pauperis*,

dismiss the Complaint, and deny his motion for appointment of counsel.

**I.      FACTUAL ALLEGATIONS AND LITIGATION HISTORY**[1]

On June 30, 2025, Woodlin filed a civil action against the Department of the Navy, the

United States Marine Corps, and the Board of Correction of Naval Records for the Navy

("BCNR"), seeking to correct his military service record.  *See Woodlin v. Dep't of Navy*, Civ. A.

No. 25-3400 (E.D. Pa.).  The Court granted Woodlin leave to proceed *in forma pauperis* and

reviewed his Complaint, which it summarized as follows:

> Woodlin alleges that in 1975, while stationed at Camp Garcia in Puerto
> Rico, he received a telegram informing him that his mother had been hospitalized
> with a life-threatening condition.  When his request for emergency leave was
> denied, he took leave without authorization ("AWOL") to be with his mother.
> After his mother's health stabilized, Woodlin returned to Camp Garcia, was

---

[1] The following allegations are taken from Woodlin's Complaint and exhibits attached to the
Complaint.  The Court adopts the pagination supplied to those filings by the CM/ECF docketing
system.  The Court also takes judicial notice of the contents of the docket for Woodlin's
previously filed case. *See, e.g.*, *Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir.
2014).

transferred to the Marine Corps base in Cherry Point, North Carolina for a Special Court Martial, and pleaded guilty to ninety days of unauthorized absence. He "maintain[s] that [his] actions, while in violation of military regulations, were motivated by an overriding familial imperative."

Woodlin alleges that when he was discharged thereafter, he was "given assurances that [his] discharge status would be upgraded," apparently to a "general discharge," but that this did not occur. When Woodlin later looked into his records, he learned they "erroneously reflect incarceration in a military facility and monthly deduction of two hundred dollars ($200.00) from [his] pay." This allegation correlates with an administrative decision from the Department of Veterans Affairs ("VA") that Woodlin attached to his Complaint, which concluded that he was not eligible for VA benefits because his record reflected he was discharged prior to his obligated date of service "Under Other Than Honorable Conditions." His record also allegedly reflected "multiple offenses and punishments for five Unexcused Absences" and that he was "found guilty of multiple offenses, and sentenced in a Special Court Martial" following a May 21, 1975 trial. Handwritten notations next to these findings reflect Woodlin's assertion that they are incorrect.

Woodlin alleges that he has made several efforts to correct his record, but those efforts have thus far been unsuccessful. Among other things, Woodlin's exhibits reflect that he filed an application for correction of his naval record with the BCNR, which was denied in 2013 because "the Board found that the evidence submitted was insufficient to establish the existence of probable material error or injustice." Woodlin's exhibits suggest that he filed a more recent petition to correct his service record with the BCNR, but the status of that petition is unclear. Woodlin filed the instant lawsuit seeking "judicial intervention and an investigative review concerning [the] material discrepancies within [his] official United States Marine Corp service records." He also seeks millions of dollars in damages based on claimed civil rights violations associated with his efforts to correct his service record, which he alleges caused him pain and suffering.

*Woodlin v. Dep't of the Navy*, No. 25-3400, 2025 WL 2111073, at *1-2 (E.D. Pa. July 28, 2025) ("*Woodlin I*").

Upon screening the Complaint under 28 U.S.C. § 1915(e)(2)(B), the Court concluded that Woodlin had not alleged any legal basis for a damages remedy. *Woodlin I*, 2025 WL 2111073, at *3. However, the Court also construed the Complaint as "as seeking correction of Woodlin's military record under the Administrative Procedures Act," which provides a cause of action for a Marine Corp member to seek review of "an adverse final decision from the BCNR." *Id.* To the

2

extent Woodlin sought review of the BCNR's 2013 decision, he filed well beyond the applicable six-year statute of limitations. *Id.* at *4. But since some of Woodlin's exhibits suggested that he "more recently applied with the BCNR to correct his service record," the Court gave him leave to file an amended complaint. *Id.* He failed to do so in a timely manner, so the Court dismissed his case, noting that a belated Amended Complaint he filed did not cure the defects in his claims. *See Woodlin v. Dep't of Navy*, Civ. A. No. 25-3400 (E.D. Pa.) (ECF No. 12).

On May 1, 2026, Woodlin filed the instant civil action against the Department of the Navy, "Camp Garcia, USMC Base," the United States Marine Corp, and "Special Court Marshal [sic] Board U.S. Marine Corps." (Compl. (ECF No. 2) at 2.) His claims are based on the same allegations as his prior lawsuit. Specifically, he alleges that in 1975, he abandoned his station at Camp Garcia in Puerto Rico because he learned that his mother was "very ill." (*Id.* at 3.) When he returned, he was transferred to Cherry Point, North Carolina "for a special court martial for being AWOL and for robbery"—a crime he claims occurred while he was off the base with his mother. (*Id.* (cleaned up).) Woodlin pleaded guilty to being AWOL. (*Id.*) He claims he was told that he would receive an "other than honorable discharged but it would be upgraded to a general discharge in 90 to 180 days after [his] release." (*Id.*) That, however, did not occur. Woodlin has attempted, unsuccessfully, to have his record changed and asks this Court to correct his record to give him the "general discharge he was promised." (*Id.* at 4.) He attached various exhibits to his Complaint, all of which pre-date his previously filed case and which were filed in his prior case. (*Id.* at 7-29.)

## II.   STANDARD OF REVIEW

The Court will grant Woodlin leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. §

1915(e)(2)(B)(ii) requires the Court to dismiss Woodlin's Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At the screening stage, the Court accepts the facts alleged in the Complaint as true, draws all reasonable inferences in the plaintiff's favor, and asks only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Woodlin is representing himself, *i.e.* proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F. 3d at 245). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.* (quoting *Mala*, 704 F. 3d at 245).

The Court also must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues" on its own). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See*

4

*Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence."). "It is fundamental that federal courts must have subject matter jurisdiction before reaching the merits of a case." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018).

## III.    DISCUSSION

"Pursuant to 10 U.S.C. § 1552, the Secretary of the United States Navy 'may correct any military record of the [Navy] when the Secretary considers it necessary to correct an error or remove an injustice.'" *Battle v. Sec'y U.S. Dep't of Navy*, 757 F. App'x 172, 174 (3d Cir. 2018) (quoting 10 U.S.C. § 1552(a)(1)). "Additionally, § 1552(a)(1) authorizes the Secretary to establish boards like the BCNR to review and potentially correct Navy records, including those of the Marine Corps." *Id.* A Marine Corps member who receives an adverse final decision from the BCNR "may then seek judicial review of the decision under the Administrative Procedure Act, 5 U.S.C. §§ 701-706 *et seq.*" *Id.*; *see also Dougherty v. U.S. Navy Bd. for Correction of Naval Recs.*, 784 F.2d 499, 500 (3d Cir. 1986) ("Judicial review of action by an agency such as the BCNR is provided for in the Administrative Procedure Act."). "Under the APA, a court may set aside an agency decision if that decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or if the decision is unsupported by substantial evidence." *Mahoney v. Del Toro*, 99 F.4th 25, 34 (1st Cir. 2024) (internal quotations omitted). Woodlin's Complaint, like the complaint in his previously filed case, is best construed as seeking correction of his military record pursuant to these procedures. *See Woodlin I*, 2025 WL 2111073, at \*3.

As previously explained to Woodlin, *id.* at \*3, an APA action seeking review of a decision of the BCNR is governed by the six-year statute of limitations set forth in 28 U.S.C. § 2401(a). *Dougherty*, 784 F.2d at 500-01. An APA claim "does not 'accrue' for purposes of §

2401(a) until [the plaintiff] 'is injured by final agency action.'" *See Regan v. Sec'y of U.S. Navy*, No. 24-1765, 2025 WL 572388, at *2 (3d Cir. Feb. 21, 2025) (quoting *Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 603 U.S. 799, 825 (2024)). "[I]n an action for correction of military records, the claim first accrues when the [BCNR] issues its final decision, not when the service person is discharged." *Id.* (quoting *Green v. White*, 319 F.3d 560, 563 (3d Cir. 2003)). Importantly, "[t]he BCNR may accept, at any time, petitions for reconsideration and reopen an applicant's case." *Battle*, 757 F. App'x at 175 (citing *Green*, 319 F.3d at 565 and 32 C.F.R. § 723.9). This means if the BCNR reopens an applicant's case and "issues a denial on the merits, it creates a new 'final decision' for purposes of § 2401(a), thereby resetting the statute of limitations clock." *Id.* at 175 (citing *Green*, 319 F.3d at 565-66).

Woodlin's Complaint, like his prior Complaint, does not challenge any final agency action that occurred within the last six years. Rather, he asks for correction of his military record based on the same allegations and documents at issue in his prior case. However, as the Court previously explained to Woodlin, absent a final decision of the BCNR within the last six years, the Court does not have jurisdiction to review his case.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Woodlin leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for lack of jurisdiction. Since this case is another attempt by Woodlin to seek a remedy based on the same information at issue in his prior case, the Court concludes that amendment would be futile. *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that amendment by a *pro se* litigant would be futile when litigant "already had two chances to tell his story"). His motion for appointment of counsel is denied. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)

6

(before exercising discretion to appoint counsel "the district court must consider as a threshold matter the merits of the plaintiff' s claim").  A final Order follows.  *See*  Fed. R. Civ. P. 58(a).

**BY THE COURT:**

**S/ WENDY BEETLESTONE**

**WENDY BEETLESTONE, C.J.**